# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**HART JOHNSON**                                                                              **PLAINTIFF**

**V.**                                                                              **NO. 4:16CV00078-DMB-JMV**

**MEDSTAT EMS, ET AL.**                                                                        **DEFENDANTS**

## ORDER

Before the Court is pro se Plaintiff Hart Johnson's motion [6] which the undersigned interprets as a motion to compel Defendant Medstat EMS to accept service of process, as an agent, for the individual defendants named in the complaint, who are still employed by Medstat and who Medstat is representing in this action. In support of the motion, Plaintiff states granting the relief requested would "relieve [Plaintiff] of a burdensome task of serving the remaining summons and cost associated if Defendant Medstat EMS would agree to this motion."

Rule 4(e)(2)(C) allows a plaintiff to serve certain individual defendants within a judicial district of the United States by delivering the service documents to an agent of the defendant *authorized by appointment or by law to receive service of process.* In this case, Plaintiff has not shown Medstat is *authorized by appointment or by law to receive service of process* on behalf of any defendant. Moreover, to the extent Plaintiff seeks an order compelling Medstat to accept service of process on behalf of any unserved defendant, Plaintiff has not provided the Court with any authority authorizing it to grant such relief under the circumstances of this case. However, to the extent Plaintiff seeks to reach an agreement with defendants regarding service of process, Plaintiff is advised that any such proposal must be communicated to defendants. Accordingly, the instant motion is **DENIED.**

**SO ORDERED** this 6th day of June, 2016.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE