**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HART EVERETT JOHNSON**                                                                                     **PLAINTIFF**

**V.**                                                                                      **NO. 4:16-CV-00078-DMB-JMV**

**MEDSTAT EMS; DAVID GRAYSON; DAVE
ELDRIDGE; LISA MCDANIEL; ERIC
SPRAYBERRY; COLBY SPRAYBERRY;
RHONDA WADE; MARY FOLEY KOTEV;
and TYRONE DILLIARD**                                                                                     **DEFENDANTS**

**AMENDED MEMORANDUM OPINION AND ORDER**

This employment discrimination action is before the Court on: (1) the motion to dismiss of Tyrone Dilliard, Doc. #8; (2) the motion to dismiss of MedStat EMS, Doc. #10; (3) the motion to dismiss of Colby Sprayberry, Doc. #12; (4) Hart Everett Johnson's "motion/request of the court to remove" certain defendants, Doc. #16; and (5) MedStat EMS' motion to strike, Doc. #18.

**I
Procedural History**

On April 21, 2016, Hart Everett Johnson, acting pro se, filed a "Complaint for Employment Discrimination" against: (1) MedStat EMS ("MedStat"); (2) David Grayson; (3) Dave Eldridge; (4) Lisa McDaniel; (5) Eric Sprayberry; (6) Colby Sprayberry; (7) Rhonda Wade; (8) Mary Foley Kotev; and (9) Tyrone Dilliard. Doc. #1.

On May 2, 2016, Johnson filed proofs of service asserting personal service on MedStat, Doc. #4, and Dilliard, Doc. #5. The MedStat proof of service lists Johnson as the server and states that the summons was served on MedStat on April 25, 2016 "on Office Manager Renae Woods, witnessed by Winona Police Chief Johnny Hargrove." Doc. #4. The Dilliard proof of

service also lists Johnson as the server and states that Dilliard was personally served with a summons on April 22, 2016, and that such service was "witnessed by Greenville Police Officer Percy Pennington." Doc. #5.

Three days later, on May 5, 2016, Johnson filed a motion asking the Court to order MedStat to accept service "of all defendants named in the complaint who are still in their employment …." Doc. #6. The following day, Johnson filed a proof of service stating that he personally served Colby Sprayberry on May 3, 2016, and that such service was "witnessed by coworker – (MedStat Employee) Ricky Hoskins." Doc. #7.

Dilliard, MedStat, and Colby Sprayberry filed motions to dismiss for insufficient process and insufficient service of process on May 12, May 16, and May 23, 2016, respectively. Doc. #8; Doc. #10; Doc. #12. These motions were mailed to Johnson at his address listed on the complaint. Johnson did not respond to the motions to dismiss.

On June 6, 2016, United States Magistrate Judge Jane M. Virden denied Johnson's motion to compel acceptance of service. Doc. #14. Two weeks later, on June 20, 2016, Johnson filed a motion asking the Court "to remove all of the defendants named in the … complaint with the exception of David Grayson and the company MedStat …." Doc. #16. On November 10, 2016, Johnson, without receiving leave of the Court, filed an amended complaint against MedStat and Grayson. Doc. #17. On November 29, 2016, MedStat filed a motion to strike the amended complaint. Doc. #18.

## II
## Motion to "Remove" Defendants

Johnson's June 20, 2016, motion reads in full:

I am making a motion / request of the court to remove all of the defendants named in the above complaint with the exception of David Grayson and the company MedStat Ems. The other named defendants are important to my case as

2

> participants and or witness to some or all of the events and grounds for my complaint, but not particularly as defendants. It was my error in listing them as such initially and I ask the courts pardon on that.

Doc. #16. The Court interprets this request as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which grants a court authority to dismiss an action "at the plaintiff's request." *See Florists' Mut. Ins. Co. ex rel. Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) ("[A] plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending.").

Where, as here, "a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent as to whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other." *Rucker ex rel. Rucker v. Indianola Health and Rehab. Ctr.*, No. 4:05-cv-78, 2006 WL 3307505, at *1 (N.D. Miss Nov. 13, 2016) (quoting *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 888 (10th Cir. 2005)). "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal [without prejudice] should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (internal citation omitted). Legal harm is defined as "plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Fifth Circuit has identified four factors a court should consider in determining the existence of plain legal prejudice: "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for

summary judgment has been filed by the defendant." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-CV-207, 2011 WL 4529665, at *3 (N.D. Miss. Sept. 28, 2011).

Here, there is no indication that any of the defendants to be dropped expended any effort or expense in preparing for trial. Furthermore, Johnson has not engaged in excessive delay or lack of diligence in prosecuting this action. As to the reason for dismissal, the Court credits Johnson's explanation that, as a pro se litigant, he included the extraneous defendants because they were "important to [the] case as participants and or witnesses." Finally, no motion for summary judgment[1] has been filed by any of the defendants to be dismissed. Under these circumstances, Johnson's motion, which this Court interprets as a motion for voluntary dismissal without prejudice, will be granted. All defendants other than MedStat and Grayson[2] will be dismissed without prejudice.

### III
### Motion to Strike

MedStat has moved to strike the amended complaint because the document was filed in violation of Rule 15 of the Federal Rules of Civil Procedure. Doc. #18. Rule 15(a) provides, in relevant part, that a party may amend its pleading once as a matter of course within "21 days after serving it, or ... if the pleading is one to which a responsive pleading is required, 21 days after service ... of a motion under Rule 12(b), (e), or (f), whichever is earlier." Thus, "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b) …." Fed. R. Civ. P. 15 (Advisory Committee Note, 2009 Amendments). When a party may not

---

[1] As explained above, two of the defendants to be dismissed – Dilliard and Colby Sprayberry – have filed motions for insufficient process and insufficient service of process. Doc. #8; Doc. #12.

[2] The docket reflects no service, or attempted service on Grayson. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant ...." In light of this rule, Johnson will be ordered to show cause, within fourteen days of the issuance of this order, why the action against Grayson should not be dismissed for failure to timely serve Grayson.

4

amend as a matter of course, it "may amend … only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If a party files an amended complaint without consent, leave, or the right to do so as a matter of course, the document should be stricken. *See Waring v. William Morrow & Co., Inc.*, 821 F.Supp. 1188, 1190 (S.D. Tex. 1993) ("With reference to the amended complaint which was previously filed without leave of Court, Defendant's motion to strike should be granted.").

Johnson was served with a Rule 12(b) motion on May 12, 2016, when Dilliard mailed his motion to dismiss to Johnson. *See* Fed. R. Civ. P. 5(b) ("A paper is served under this rule by ... mailing it to the person's last known address – in which event service is complete upon mailing."). Even accounting for Rule 6's three-day mailbox rule,[3] Johnson's right to amend as a matter of course terminated on June 6, 2016. Johnson filed his amended complaint on November 10, 2016, without leave of Court and without written consent from any of the defendants. *See* Doc. #17. Accordingly, the amended complaint was filed in violation of Rule 15 and, therefore, will be stricken.[4]

## IV
## Motions to Dismiss

Dilliard, MedStat, and Colby Sprayberry have moved to dismiss for insufficient process, under Rule 12(b)(4), and for insufficient service of process, under Rule 12(b)(5). Doc. #8; Doc. #10; Doc. #12. Because Dilliard and Colby Sprayberry have been voluntarily dismissed, their motions to dismiss will be denied as moot. The Court thus turns to the sole remaining motion – MedStat's motion to dismiss.

---

[3] *See* Fed. R. Civ. P. 6(d).

[4] To the extent Johnson's motion to "remove" defendants may be deemed a motion to amend, such motion, which did not include a proposed amended pleading, would be denied as procedurally improper under this Court's Local Rules. *See* L.U. Civ. R. 7(b)(2) ("A proposed amended pleading must be an exhibit to a motion for leave to file such pleading.").

### A. Rule 12(b)(4) – Insufficient Process

"Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.'" *Gartin v. Par Pharm. Cos.*, 289 Fed. App'x. 688, 691 n.3 (5th Cir. 2008). "A motion to dismiss under Rule 12(b)(4) requires the defendant to establish insufficient process under Rule 4 of the Federal Rules of Civil Procedure." *Hoffman v. Bailey*, 996 F.Supp.2d 477, 481 (E.D. La. 2014). "When process is insufficient, federal courts have broad discretion to dismiss an action. Nevertheless, defects in the summonses are not fatal if they do not prejudice the defendant." *Coleman v. Bank of N.Y. Mellon*, 969 F.Supp.2d 736, 744 (N.D. Tex. 2013) (internal quotation marks, alterations, and citations omitted). Accordingly, the Court must first decide whether Rule 4 was violated and, if it was, whether the violation prejudiced MedStat.

"The requirements of Rule 4 are phrased in plainly mandatory language." *Wells v. Ali*, 304 F. App'x 292, 295 (5th Cir. 2008). "To comply, the plaintiff must ensure that the summons be signed by the clerk of the court and bear the court's seal (Rule 4(a)(1)(F-G)); state the time within which the defendant must appear and defend the allegations (Rule 4(a)(1)(D)); and name the court and the parties (Rule 4(a)(1)(A))." *Id.*

MedStat argues that Johnson failed to comply with Rule 4(a)(1)(A), which requires that a summons "name the court and the parties." Doc. #11 at 4. There is no dispute that the summons served on MedStat named only MedStat as a defendant and did not, therefore, name all parties. However, MedStat has neither argued nor shown prejudice arising from this deficiency. In the absence of prejudice, the complaint will not be dismissed based on insufficient process.[5] *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.

---

[5] In the context of service, MedStat argues that "Plaintiff has incorrectly identified a proper defendant." Doc. #11 at 4–5. To the extent this may be deemed an argument under Rule 12(b)(4), dismissal under the rule would still be denied for lack of prejudice.

1984) ("[E]ven if the summons fails to name all of the defendants, ... dismissal is generally not justified absent a showing of prejudice.").

### B. Rule 12(b)(5) – Insufficient Service of Process

"In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Thus, "Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc.*, 635 F.2d at 435. "A return of service is prima facie evidence of the manner of service. Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Flores v. Koster*, No. 3:11-cv-726, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) (internal citations omitted). If a defect in service is shown, "[d]ismissal ... is usually without prejudice to allow plaintiff an opportunity to effect proper service." *Coleman v. Sellars*, No. 3:13-cv-1648, 2014 WL 1095004, at *3 (N.D. Tex. Feb. 24, 2014) (collecting cases).

In its motion to dismiss, MedStat argues that dismissal for improper service is required because Johnson served the summons himself and because the summons was not served on a registered agent for MedStat. Doc. #11 at 2–5. Because Johnson's personal service of the summons was clearly improper under Rule 4, the Court need not reach whether the recipient of the summons was authorized to accept service.

7

Neither the Federal Rules nor the rules of Mississippi provide for personal service by a party. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Miss. R. Civ. P. 4(c)(1) ("A summons and complaint shall, except [for service by sheriff or publication] be served by any person who is not a party and is not less than 18 years of age."). There is no dispute that the MedStat summons was served by Johnson, who is a party in this action. *See* Doc. #4. Accordingly, MedStat's motion to dismiss should be granted and the action against MedStat should be dismissed without prejudice. *See Sherman v. Dallas ISD*, No. 3:10-cv-1146, 2011 WL 477500, at *2 (N.D. Tex. Jan. 24, 2011) ("Plaintiff's attempt to serve DISD was ineffective because the federal and state rules of civil procedure do not allow a party to serve process and require service of summons. His complaint is therefore subject to dismissal under Rule 12(b)(5).") (internal citations omitted).

## V
## Conclusion

For the reasons above:

1. Johnson's motion to "remove" certain defendants [16], which this Court interprets as a motion to voluntarily dismiss without prejudice Eldridge, McDaniel, Eric Sprayberry, Colby Sprayberry, Rhonda Wade, Mary Foley Kotev, and Tyrone Dilliard, is **GRANTED**.

2. MedStat's motion to strike [18] Johnson's amended complaint [17] is **GRANTED**.

3. The motions to dismiss of Dilliard [8] and Colby Sprayberry [12] are **DENIED as moot.**

4. MedStat's motion to dismiss [10] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks dismissal without prejudice based

8

on insufficient service of process but is DENIED to the extent it seeks dismissal based on insufficient process.

5. This action will proceed against David Grayson; however, Johnson is ordered to show cause, within fourteen (14) days of the issuance of this order, why the action against Grayson should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve Grayson.

**SO ORDERED**, this 16th day of December, 2016.

                                        **/s/ Debra M. Brown**
                                        **UNITED STATES DISTRICT JUDGE**