IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HART EVERETT JOHNSON**                                                                              **PLAINTIFF**

V.                                                                  **NO. 4:16-CV-00078-DMB-JMV**

**MEDSTAT EMS; DAVID GRAYSON; DAVE
ELDRIDGE; LISA MCDANIEL; ERIC
SPRAYBERRY; COLBY SPRAYBERRY;
RHONDA WADE; MARY FOLEY KOTEV;
and TYRONE DILLIARD**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This employment discrimination action is before the Court for consideration of Hart Everett Johnson's "Opposition to Defendants Motion to Dismiss," which, based on its substance, the Court construes as a motion to appoint counsel, a motion for reconsideration, and a response to this Court's order to show cause. Doc. #23.

**I
Procedural History**

On April 21, 2016, Hart Everett Johnson, acting pro se, filed a "Complaint for Employment Discrimination" against: (1) MedStat EMS ("MedStat"); (2) David Grayson; (3) Dave Eldridge; (4) Lisa McDaniel; (5) Eric Sprayberry; (6) Colby Sprayberry; (7) Rhonda Wade; (8) Mary Foley Kotev; and (9) Tyrone Dilliard. Doc. #1. The complaint asserts claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Family Medical Leave Act. *Id*. at 5.

On May 2, 2016, Johnson filed proofs of service asserting personal service on MedStat, Doc. #4, and Dilliard, Doc. #5. The MedStat proof of service lists Johnson as the server and states that the summons was served on MedStat on April 25, 2016, "on Office Manager Renae

Woods, witnessed by Winona Police Chief Johnny Hargrove." Doc. #4. The Dilliard proof of service also lists Johnson as the server and states that Dilliard was personally served with a summons on April 22, 2016, and that such service was "witnessed by Greenville Police Officer Percy Pennington." Doc. #5.

Three days later, on May 5, 2016, Johnson filed a motion asking the Court to order MedStat to accept service "of all defendants named in the complaint who are still in their employment …." Doc. #6. The following day, Johnson filed a proof of service stating that he personally served Colby Sprayberry on May 3, 2016, and that such service was "witnessed by coworker – (MedStat Employee) Ricky Hoskins." Doc. #7.

Dilliard, MedStat, and Colby Sprayberry filed motions to dismiss for insufficient process and insufficient service of process on May 12, May 16, and May 23, 2016, respectively. Doc. #8; Doc. #10; Doc. #12. These motions were mailed to Johnson at his address listed on the complaint.

On June 6, 2016, United States Magistrate Judge Jane M. Virden denied Johnson's motion to compel acceptance of service. Doc. #14. Two weeks later, on June 20, 2016, Johnson filed a motion asking the Court "to remove all of the defendants named in the … complaint with the exception of David Grayson and the company MedStat …." Doc. #16. On November 10, 2016, Johnson, without receiving leave of the Court, filed an amended complaint against MedStat and Grayson. Doc. #17. On November 29, 2016, MedStat filed a motion to strike the amended complaint. Doc. #18.

On December 16, 2016, this Court entered an order which: (1) granted Johnson's motion to "remove," which was in substance a motion to voluntarily dismiss all defendants except Grayson and MedStat; (2) granted MedStat's motion to strike the amended complaint; (3) denied

2

as moot the motions to dismiss of Dilliard and Colby Sprayberry; (4) granted MedStat's motion to dismiss to the extent it sought dismissal for insufficient service of process; and (5) ordered Johnson to show cause within fourteen days why "the action against Grayson should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve Grayson. Doc. #21 at 8–9.

On January 9, 2017, Johnson filed an "Opposition to Defendants Motion to Dismiss," which states:

> PLANTIFF REQUEST THAT MOTION TO BE DISMISSED BY THE DEFENDANT BE DENIED BASED ON THE DILLIGENT EFFORTS MADE BY THE PLANTIFF IN ATTEMPTING TO MAKE SERVICE OF PROCESS. PLANTIFF DID SERVE THE DEFENDANTS AGENT UPON LEARNING THE PROPER ADDRESS AND LOCATION. PLANTIFF ASK THAT THE COURT FIND EXCUSABLE NEGLECT OF THE PLANTIFF IN MATTERS UNDER RULE 4 (m). PLANTIFF IS PRO SE LITIGANT AND AS SUCH IS NOT KNOWING OF ALL THE RULES OF THE COURT AS MUCH AS HE MAY TRY. PLANTIFF ASKS THE COURT TO DENY THE MOTION FOR DISMISSAL AND CONSIDER A COURT APPOINTED REPRESENATIVE FOR PLANTIFF IN THIS CAUSE. PLANTIFF HAS SEARCHED DILLIGENTLY FOR AN ATTORNEY TO REPRESENT HIM IN THIS CASE BUT HAVE BEEN UNABLE TO FIND ONE TO TAKE THE CASE ON ITS MERITS AND IS FINANCIALLY UNABLE TO HIRE ONE BECAUSE OF NO VIABLE INCOME FOR THE LAST YEAR DUE TO MEDICAL AND HEALTH PROBLEMS.

Doc. #23.

## II
## Analysis

As an initial matter, the Court must, employing the liberal standard afforded to pro se filings,[1] characterize Johnson's January 9 filing. The filing, based on its title, purports to oppose the defendants' motions to dismiss which were previously granted. But, in substance, the filing addresses the propriety of a Rule 4(m) dismissal and asks the Court to appoint an attorney.

---

[1] *See McCreary v. Richardson*, 738 F.3d 651, 657 (5th Cir. 2013) ("[W]e construe *pro se* briefs liberally ….").

Accordingly, the Court construes Johnson's filing to be a motion for appointment of counsel, a motion for reconsideration of this Court's order of dismissal, and a response to this Court's order to show cause.

### A. Motion for Appointment of Counsel

"Although Title VII provides for the appointment of counsel, such relief is reserved to 'such circumstances as the court may deem just.'" *Noack v. YMCA of Greater Houston Area*, 418 F. App'x 347, 354 (5th Cir. 2011) (quoting 42 U.S.C. § 2000e-5(f)(1)). "District courts analyzing the merits of a Title VII plaintiff's request for counsel should consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. No single factor is conclusive." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citation omitted). Plaintiffs seeking recovery under the ADA and the FMLA must meet the same standard. *See Johnson v. City of Port Arthur*, 892 F.Supp. 835, 840 (E.D. Tex. 1995) ("[C]ourts utilize the same analysis for appointment of counsel requests in ADA cases as in Title VII cases."); *Ojelade v. Unity Health Care, Inc.*, 962 F.Supp.2d 258, 261 (D.D.C. 2013) (citing Title VII cases in FMLA action).

Here, Johnson has made only conclusory assertions regarding a need for counsel. Regardless, the Court does not reach the merits of Johnson's motion to appoint counsel because the motion is untimely. Johnson waited nearly seven months beyond the expiration of Rule 4(m)'s ninety-day service requirement before filing his motion for counsel. "[A] plaintiff may not circumvent the 90-day service requirement of Rule 4(m) by untimely moving for an attorney at law …." *Lantz v. State Farm Mut. Auto. Insur. Co.*, No. 16-318, 2017 WL 662989, at *4 (M.D. La. Feb. 17, 2017). Accordingly, the motion for appointment of counsel is denied.

### B.  Motion for Reconsideration

When a party seeks relief from a judgment or order, he may do so under Federal Rule of Civil Procedure 59(e) within twenty-eight days of entry of the order or judgment; or anytime under Rule 60(b).  If, as here, the motion does not specify the procedural basis for relief and is filed within twenty-eight days of the relevant order or judgment, the Court will construe the motion as seeking relief under Rule 59(e).  See *Clark v. Director, TDCJ-CID*, No. 2:10-cv-255, 2012 WL 1986443, at *1 (E.D. Tex. June 4, 2012) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)).

> Under Fifth Circuit jurisprudence:
>
> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (alteration in original) (citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

In arguing that the motion to dismiss should have been denied, Johnson submits that he was acting pro se and made "dilligent [sic] efforts" to serve process.  Doc. #23.

"A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."  *Thrasher v. City of Amraillo*, 709 F.3d 509,

5

512 (5th Cir. 2013) (footnote omitted). While the Fifth Circuit has recognized that "actual notice [of a plaintiff's service] efforts, coupled with his pro se status, arguably provides grounds for leniency in considering the technical imperfections of service," it has held that a district court does not err in dismissing a case under such circumstances. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir. 1990). Therefore, neither Johnson's alleged diligence nor his pro se status amounts to clear error which would justify reconsideration of this Court's order.

### C. Response to Show Cause

Finally, Johnson was ordered to show cause why his claim against David Grayson should not be dismissed under Rule 4(m). To the extent Johnson's filing may be read as a response to this direction, it is rejected for the reasons above.[2] Accordingly, because Grayson was not served within ninety days of the filing date of the complaint, he must be dismissed from this action. *See* Fed. R. Civ. P. 4(m).

### III
### Conclusion

For the reasons above, Johnson's "Opposition to Defendants Motion to Dismiss" [23], which this Court construes as a response to this Court's order to show cause, a motion for reconsideration, and a motion for appointment of counsel, is **DENIED**. David Grayson, the sole remaining defendant in this action, is **DISMISSED without prejudice** for Johnson's failure to effect service within ninety days. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 21st day of July, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] It is also rejected as untimely since it was filed after the date mandated in the show cause order. The show cause order required a response within fourteen days of its issuance on December 12, 2016. Johnson's January 9 filing missed this deadline.

6